UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:25-cv-866-MOC-SCR

| | |
|---|---|
| JARIN M. WRAY, pro se, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| | ) |
| UNIVERSAL MUSIC | ) |
| GROUP, INC., ET AL., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on an initial review by the Court of Plaintiff's action. (Doc. No. 1).

## I. BACKGROUND

Pro se Plaintiff Jarin M. Wray filed this action, naming as Defendants Universal Music Group, Inc., Live Nation Entertainment, Inc., ROC Nation, LLC, and Rocawear Licensing, LLC. Plaintiff asserts that jurisdiction arises under 18 U.S.C. § 1014 (false statements); 18 U.S.C. § 1344 (bank fraud); 18 U.S.C. § 1031 (major fraud against the United States); and 18 U.S.C. § 1956 (laundering of monetary instruments).

Plaintiff purports to bring claims against Defendants based on the following factual allegations in the Complaint:

> The companies were engaged in fraud schemes with China. In connection with 3:25cv656 and MQMF, WB, LPC, ZOM Lawsuit (pending case number), business entity analysis to The President, as unexpected harassment continued as 3:25cv656 was nearing the 9.5.2025 response deadline. Analysis included the inner circle of Tesla, Apple, Amazon, and Meta, major U.S. companies around the White House. Musk now owns Twitter, which was owned by Jack Dorsey, who bought Tidal from Jay Z for $297M. 2022-0091-KSJM.

(Doc. No. 1 at 4). As relief, Plaintiff seeks the following: "Shawn Carter (Jay Z) will provide

1

Beyonce a personal detailed written statement on all actions and her requests. Immediate payment of $50M. Transfer entities, bank accounts, and all asset ownership for all live and physical locations. Weekly status report. Dissolve all shell entities. Weekly status report until complete." (Id.).

## II. STANDARD OF REVIEW

Although Plaintiff is not proceeding in forma pauperis, this action is still subject to initial review pursuant to the inherent authority of the court to ensure that a plaintiff has standing, that federal jurisdiction exists, and that the case is not frivolous. "It is well established that a court has broad inherent power sua sponte to dismiss an action, or part of an action, which is frivolous, vexatious, or brought in bad faith." See Hamilton v. United States, No. 2:20-cv-1666-RMG-MHC, 2020 WL 7001153, at *1 (D.S.C. Aug. 26, 2020), adopted, 2020 WL 5939235 (D.S.C. Oct. 7, 2020) (internal citations omitted); Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

## III. DISCUSSION

Here, Plaintiff, proceeding pro se, purports to bring various actions under Title 18 of the United States Code against various named Defendants. Plaintiff cannot proceed in a private

2

Case 3:25-cv-00866-MOC-DCK    Document 3    Filed 11/26/25    Page 2 of 3

action under Title 18, which is the federal criminal code. Thus, Plaintiff has not shown that this Court may assert subject matter jurisdiction in this matter. Furthermore, and in any event, Plaintiff's Complaint does not state a legal claim for which Plaintiff is entitled to relief. Indeed, Plaintiff's allegations are fantastical and delusional. For these reasons, Plaintiff's action must be dismissed.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's action is dismissed.

**IT IS, THEREFORE, ORDERED** that:

(1) This matter is dismissed with prejudice as frivolous.

(2) The Clerk is directed to terminate this action.

Signed: November 26, 2025

Max O. Cogburn Jr
United States District Judge